JON G. MILLER, Bar No. 150702
MUIZZ RAFIQUE, Bar No. 259052
LITTLER MENDELSON, P.C.
2050 Main Street
Suite 900
Irvine, CA 92614
Telephone: 949.705.3000
Fax No.: 949.724.1201

Attorneys for Defendants
SEARS HOME IMPROVEMENT PRODUCTS, SEARS HOLDINGS CORPORATION AND SEARS, ROEBUCK AND CO.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

SUZY DEMPSEY,

Plaintiff,

v.

SEARS HOME IMPROVEMENT PRODUCTS; SEARS HOLDINGS CORPORATION; SEARS; SEARS HOLDINGS; MICHAEL FINGER; DANIEL IANNIELLO; JERRY HANOSH AND DOES 1 TO 100, INCLUSIVE,

Defendant.

Case No.

**DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT**

[28 U.S.C. §§ 1332, 1441, and 1446]

**TO THE CLERK OF THE ABOVE-ENTITLED COURT, AND TO PLAINTIFF SUZY DEMPSEY AND HER ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendants SEARS HOME IMPROVEMENT PRODUCTS ("SHIP"), SEARS HOLDINGS CORPORATION ("SHC") (also erroneously identified as Sears Holdings) and SEARS, ROEBUCK AND CO. ("SRC") (also erroneously identified as Sears) (collectively, "Defendants") hereby remove the state action described herein, filed in the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California, pursuant to 28 U.S.C. sections 1332, 1441, and 1446.

This case is being removed upon complete diversity of citizenship. The grounds for removal are as follows:

## I. PROCEDURAL HISTORY

1. On December 11, 2014, an action was commenced by Plaintiff Suzy Dempsey ("Plaintiff") in the Los Angeles County Superior Court entitled, in short form, *Suzy Dempsey v. Sears Home Improvement Products, et al.*, docketed as Case No. BC566298.

2. The Complaint alleges fifteen causes of action: (1) Discrimination on the Basis of Age In Violation of FEHA; (2) Harassment on the Basis of Age In Violation of FEHA; (3) Retaliation for Engaging In Protected Activity on the Basis of Age In Violation of FEHA; (4) Discrimination on the Basis of Gender in Violation of FEHA; (5) Harassment on the Basis of Gender in Violation of FEHA; (6) Retaliation For Engaging in Protected Activity on the Basis of Gender in Violation of FEHA; (7) Discrimination on the Basis of Race/National Origin in Violation of FEHA; (8) Harassment on the Basis of Race/National Origin in Violation of FEHA; (9) Retaliation for Engaging in Protected Activity On The Basis of Race/National Origin in Violation of FEHA; (10) Wrongful Termination in Violation of Public Policy; (11) Wrongful Termination in Violation of Public Policy Labor Code section 1102.5; (12) Failure to Promote in Violation of FEHA on the Bases of Gender and Age; (13)



LITTLER MENDELSON, P.C.
2050 Main Street
Suite 900
Irvine, CA 92614
949.705.3000

Failure to Prevent Discrimination, Harassment and Retaliation; (14) Breach of Implied-in-Fact Contract and/or Express Contract Not to Terminate Employment Without Good Cause; and (15) Intentional Infliction of Emotional Distress. All fifteen causes of action are alleged against the corporate Defendants. Plaintiff's second, fifth, eighth and fifteenth causes of actions are alleged against individual defendants Michael Finger, Daniel Ianniello and Jerry Hanosh.

3. Defendants SHIP, SHC[1] and SRC were served with a copy of the Summons and Complaint, along with a Civil Case Cover Sheet and an ADR information package on January 20, 2015.[2] A true and correct copy of the Summons and Complaint, Civil Case Cover Sheet and ADR information package served upon Defendants SHIP, SHC (including Sears Holdings) and SRC are attached hereto as Exhibit A, B and C, respectively.

4. Pursuant to 28 U.S.C. section 1446(d), the attached exhibits constitute all process, pleadings, and orders served upon Defendants or filed or received in this action by Defendants.

## II. TIMELINESS OF REMOVAL

5. This Notice of Removal is timely in that it is filed within thirty (30) days from January 5, 2015, the date Defendants were served with the Summons and Complaint. *See* 28 U.S.C. § 1446(b).

6. This Notice of Removal is also timely because it is based on diversity jurisdiction and filed within one (1) year of the date the action was originally filed on

---

[1] Plaintiff also erroneously served a complaint on "Sears Holdings." No such entity exists. Plaintiff also erroneously identifies an entity "Sears" on the caption of the Complaint, which does not exist.

[2] To Defendant's knowledge, individual defendants Michael Finger and Daniel Ianniello have not been served with the Complaint in this action. "Although the usual rule is that all defendants in an action in a state court must join in a petition for removal, the rule of unanimity does not apply to nominal, unknown or fraudulently joined parties," or to parties who have not been served. *See United Computer Sys., Inc. v. AT&T Corp.*, 298 F.3d 756, 762 (9th Cir. 2002) (internal citations and quotations omitted); *see also Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n.1 (9th Cir. 1988). Here, the individual defendants are both fraudulently joined parties and/or parties who have not been served.

LITTLER MENDELSON, P.C.
2050 Main Street
Suite 900
Irvine, CA 92614
949.705.3000

December 11, 2014.

## III. BASIS FOR REMOVAL

7. This Court has original jurisdiction over this civil suit under 28 U.S.C. section 1332(a), and it may be removed to this Court by Defendants pursuant to the provisions of 28 U.S.C. section 1441(a), in that it is a civil action between citizens of different States and the matter in controversy exceeds the sum of $75,000 exclusive of interest and costs.

### A. Diversity of Citizenship

8. For removal purposes, diversity jurisdiction is analyzed and must exist "as of the time the complaint is filed and removal is effected." *Strotek Corp. v. Air Transport Ass'n of Am.*, 300 F.3d 1129, 1131 (9th Cir. 2002).

9. To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. *Bank of N.Y. Mellon v. Nersesian*, 2013 U.S. Dist. LEXIS 56025, at *7 (C.D. Cal. 2013) *citing Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. *Nersesian*, 2013 U.S. Dist. LEXIS 56025, at *7, *citing Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Residence is *prima facie* evidence of one's domicile. *Sadeh v. Safeco Ins. Co.*, 2012 U.S. Dist. LEXIS 81454, at *4 (C.D. Cal. 2012), *citing State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994).

10. At the time the Complaint was filed and at the time of this notice, Plaintiff is and was "a resident of the county of Los Angeles County, California. (Complaint, ¶ 1.) Plaintiff worked for Defendant SHIP in Southern California. (Decl. of Cathy Miller, ¶ 6.) Plaintiff is licensed to drive in the State of California and the California driver's license Plaintiff provided to Defendant SHIP at the commencement of her employment identifies her home address as located in Long Beach, California. (*Id.*, Ex. A.) Plaintiff has thus both resided and demonstrated intent to reside in

LITTLER MENDELSON, P.C.
2050 Main Street
Suite 900
Irvine, CA 92614
949.705.3000

California. Therefore, Plaintiff was and is a citizen of the State of California.

11. Unserved individual defendant Michael Finger is a resident of the State of Colorado, where he has lived and maintained his residence since approximately August 2009. (Declaration of Michael Finger, ¶ 2.) Finger owns the home in Colorado in which he lives and is both registered to vote and licensed to drive in Colorado. (*Id.*) Finger intends to remain a resident of the State of Colorado for the foreseeable future and does not currently have any plans to move. (*Id.*) Finger is therefore not a citizen of the State in which this action is pending and is, in fact, a citizen of a different State than Plaintiff.

12. A corporation is deemed to be a citizen of the state in which it has been incorporated and where it has its principal place of business. 28 U.S.C. § 1332(c)(1).

13. At the time the Complaint was filed and at the time of this notice, SHIP was and is a corporation incorporated under the laws of the State of Pennsylvania. (Decl. of Catherine Miller, ¶ 3.) At the time the Complaint was filed and at the time of this notice, SRC was and is a corporation incorporated under the laws of the State of New York. (*Id.*) At the time the Complaint was filed and at the time of this notice, SHC was and is a corporation incorporated under the laws of the State of Delaware. (*Id.*)

14. The United States Supreme Court has defined a corporation's principal place of business as "where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93, 130 S. Ct. 1181, 1191-1192, 175 L. Ed. 2d 1029, 1041 (2010). In practice, this location will be "where the corporation maintains its headquarters." *Id.* At the time the Complaint was filed and at the time of this notice, the executive offices and corporate headquarters for SHIP were and are located in the State of Florida. (Decl. of Catherine Miller at ¶ 4.) At the time the Complaint was filed and at the time of this notice, the executive offices and corporate headquarters for SRC and SHC were and are located in the State of Illinois. (*Id.*) Defendants are therefore not citizens of the State in which this action



LITTLER MENDELSON, P.C.
2050 Main Street
Suite 900
Irvine, CA 92614
949.705.3000

is pending and is, in fact, a citizen of a different State than Plaintiff.

15. **Individual Defendants Daniel Ianniello and Jerry Hanosh Can Be Disregarded In Determining Diversity Because They Are Sham Defendants.**

a. Plaintiff's allegations regarding defendants Daniel Ianniello and Jerry Hanosh (the "individual defendants") are a sham and should be disregarded in determining whether there exists complete diversity of citizenship. *Ritchey v. Upjohn Drug Co.,* 139 F.3d 1313, 1318-1319 (9th Cir.), *cert. denied,* 525 U.S. 963 (1998) (sham defendants may be disregarded when determining diversity jurisdiction); *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (1987).

b. A non-diverse party named in the state court action may be disregarded if the federal court determines that party's joinder is a "sham" or "fraudulent" in that no cause of action has been stated against that party. *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th. Cir. 2001) (non-diverse sham defendant named in state court action may be disregarded); *Farias v. Bexar County Bd. of Trustees,* 925 F.2d 866, 871 (5th Cir. 1991); *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998) ("Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement to complete diversity"). In determining whether a defendant is "fraudulently" joined, courts may properly consider the allegations of the complaint and facts presented by the defendant in its notice of removal. *Ritchey, supra,* 139 F.3d at 1318.

c. It does not have to be shown that the joinder of a non-diverse defendant was for the purpose of preventing removal. Rather, the question is simply whether there is any possibility that the plaintiff will be able to establish liability against the party in question. *Ritchey, supra,* 139 F.3d at 1318-1319. It is well settled that fraudulent joinder is shown, where, as here, a plaintiff fails to state a cause of action against a defendant and that failure is apparent according to the settled law of the state. *McCabe,* 811 F.2d at 1339.

d. Plaintiff sets forth four putative legal claims against individual

LITTLER MENDELSON, P.C.
2050 Main Street
Suite 900
Irvine, CA 92614
949.705.3000

defendants Ianniello and Hanosh – her second cause of action for harassment on the basis of age, fifth cause of action for harassment on the basis of gender, eighth cause of action for harassment on the basis of race and fifteenth cause of action for intentional infliction of emotional distress. As demonstrated below, it is well settled that Plaintiff cannot establish liability against the individual defendants on any of these four causes of action. Plaintiff's allegations against each of these individual defendants, even if accepted as true, fail to state a cause of action as a matter of law.

**e. Plaintiff Cannot Maintain Her Second Cause of Action For Harassment on the Basis of Age Against the Individual Defendants Ianniello and Hanosh.**

i. Plaintiff alleges, in conclusory terms, that "Defendants' conduct, as alleged, violated the FEHA, Government Code sections 12900 *et seq.* and Defendants committed unlawful employment practice(s), including, without limitation, by the following, separate bases for liability: Harassing Plaintiff and/or creating a hostile work environment, based, in whole or in part, on Plaintiff's age, in violation of Government section 12940(j)." (Complaint, ¶ 54.)

ii. "[T]o prevail, an employee claiming harassment based upon a hostile work environment must demonstrate that the conduct complained of was severe enough or sufficiently pervasive to alter the conditions of employment and create a work environment that qualifies as hostile or abusive to employees because of their" age. *Miller v. Department of Corrections*, 36 Cal. 4th 446, 462 (2005). Whether an environment was hostile or abusive is evaluated by examining the totality of the circumstances, including: (1) the frequency of the discriminatory conduct; (2) the severity of the discriminatory conduct; (3) "whether it is physically threatening or humiliating, or a mere offensive utterance;" and (4) "whether it unreasonably interferes with an employee's work performance." *Id. quoting Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 23 (1993) (internal quotations omitted). Plaintiff "must show a concerted pattern of harassment of a repeated, routine or a generalized nature"



LITTLER MENDELSON, P.C.
2050 Main Street
Suite 900
Irvine, CA 92614
949.705.3000

and cannot simply rely on occasional, isolated, sporadic or trivial acts. *Fisher v. San Pedro Peninsula Hosp.*, 214 Cal. App. 3d 590, 610 (Ct. App. 1989) *citing Downes v. F.A.A.*, 775 F.2d 288, 293 (D.C. Cir. 1985). Plaintiff has not pleaded any such conduct in support of her age harassment cause of action.

iii. The only factual allegations *even remotely related to age* alleged against the individual defendants are as follows:

(A) Defendant Ianniello: "Defendant Ianniello would mock [Plaintiff] and coined the nick name "Queen Elizabeth" for her...." (Complaint, ¶ 25.)

(B) Defendant Hanosh: "[Plaintiff] was instructed by her superiors, including...Defendant Hanosh...throughout her employment that when hiring she should hire younger males and look for younger individuals without families." (Complaint, ¶ 29.)

iv. Even if accepted at face value, Plaintiff's allegations are not sufficiently severe and pervasive so as to create a hostile work environment based on Plaintiff's age. *Etter v. Veriflo Corp.*, 67 Cal.App.4th 457, 465 (1998) ("In determining what constitutes 'sufficiently pervasive' harassment, the courts have held that *acts of harassment cannot be occasional, isolated, sporadic, or trivial, rather the plaintiff must show a concerted pattern of harassment of a repeated, routine of a generalized nature*.") (italics in original); *Lyle v. Warner Brothers Television Productions*, 38 Cal.4th 264, 295 (2006) ("[T]he FEHA is not a 'civility code' and is not designed to rid the workplace of vulgarity. [Citations omitted.].") Because Plaintiff's single allegation against each individual fails to rise to the level of severe and pervasive behavior toward Plaintiff on the basis of her age, Plaintiff's claim for age harassment necessarily fails as a matter of law.

**f. Plaintiff Cannot Maintain Her Fifth Cause of Action For Harassment on the Basis of Gender Against the Individual Defendants Ianniello and Hanosh.**

i. Plaintiff alleges, in conclusory terms, that "Defendants subjected Plaintiff

LITTLER MENDELSON, P.C.
2050 Main Street
Suite 900
Irvine, CA 92614
949.705.3000

to negative gender-based comments and to continuous and threatening behavior." (Complaint, ¶ 79.)

ii. "[T]o prevail, an employee claiming harassment based upon a hostile work environment must demonstrate that the conduct complained of was severe enough or sufficiently pervasive to alter the conditions of employment and create a work environment that qualifies as hostile or abusive to employees because of their" gender. *Miller, supra*, 36 Cal. 4th at 462. Whether an environment was hostile or abusive is evaluated by examining the totality of the circumstances, including: (1) the frequency of the discriminatory conduct; (2) the severity of the discriminatory conduct; (3) "whether it is physically threatening or humiliating, or a mere offensive utterance;" and (4) "whether it unreasonably interferes with an employee's work performance." *Id.* (internal citations and quotations omitted). Plaintiff "must show a concerted pattern of harassment of a repeated, routine or a generalized nature" and cannot simply rely on occasional, isolated, sporadic or trivial acts. *Fisher,* 214 Cal.App.\3d 590 at 610. Plaintiff has not pleaded any such conduct in support of her gender harassment claim.

iii. The only factual allegations related to gender against the individual defendants are as follows:

(A) Defendant Ianniello: "Defendant Ianniello would mock [Plaintiff] and coined the nick name "Queen Elizabeth" for her, referencing her gender and inability to get the job done. Ianniello would also frequently tell [Plaintiff] and others that "it takes a man to do the job." (Complaint, ¶ 25.)

(B) Defendant Hanosh: "[Plaintiff] was instructed by her superiors, including...Defendant Hanosh...throughout her employment that when hiring she should hire younger males and look for younger individuals without families." (Complaint, ¶ 29.)

iv. Even if accepted at face value, Plaintiff's allegations are not sufficiently severe and pervasive so as to create a hostile work environment based on Plaintiff's

LITTLER MENDELSON, P.C.
2050 Main Street
Suite 900
Irvine, CA 92614
949.705.3000

gender. *Etter,* 67 Cal.App.4th at 465 ("In determining what constitutes 'sufficiently pervasive' harassment, the courts have held that *acts of harassment cannot be occasional, isolated, sporadic, or trivial, rather the plaintiff must show a concerted pattern of harassment of a repeated, routine of a generalized nature.*") (italics in original); *Lyle*, 38 Cal.4th at 295 ("[T]he FEHA is not a 'civility code' and is not designed to rid the workplace of vulgarity. [Citations omitted.].") In order for such isolated incidents to constitute gender harassment, they "must be severe in the extreme and generally must include either physical violence or the threat [of such violence]." *Herberg v. California Institute of the Arts,* 101 Cal. App. 4th 142, 151 (2002) (emphasis added) (single incident of drawing depicting plaintiff in sexual position not pervasive or severe); *Department of Corrections v. State Personnel Bd.*, 59 Cal.App.4th 131, 134, 156 (1997) (no liability for single incident in which corrections officer used profane language and shook a female Hispanic fellow officer by her collar to emphasize his point). Nor is there pervasive conduct when there is only one claimed act of harassment or the acts of harassment are isolated. *Fisher, supra,* 214 Cal. App. 3d at 612-13 (isolated incidents where supervisor grabbed female nurses in front of plaintiff not sufficient to establish cause of action). Because Plaintiff's isolated allegations against each individual fail to allege severe and pervasive behavior toward Plaintiff on the basis of her gender, Plaintiff's claim for gender harassment necessarily fails as a matter of law.

**g. Plaintiff Cannot Maintain Her Eighth Cause of Action For Harassment on the Basis of Race/National Origin Against the Individual Defendants Ianniello and Hanosh.**

i. Plaintiff alleges, in conclusory terms, that "Defendants'' conduct, as alleged, violated the FEHA, Cal. Govt. Code Sections 12900 et seq. and Defendants committed unlawful employment practice(s), including, without limitation...[h]arassing Plaintiff and/or creating a hostile work environment, based, in whole or in part, on Plaintiff's race, and/or other protected characteristic(s)...."



LITTLER MENDELSON, P.C.
2050 Main Street
Suite 900
Irvine, CA 92614
949.705.3000

(Complaint, ¶ 103.)

ii. "[T]o prevail, an employee claiming harassment based upon a hostile work environment must demonstrate that the conduct complained of was severe enough or sufficiently pervasive to alter the conditions of employment and create a work environment that qualifies as hostile or abusive to employees because of their" race/national origin. *Miller, supra,* 36 Cal. 4th at 462. Whether an environment was hostile or abusive is evaluated by examining the totality of the circumstances, including: (1) the frequency of the discriminatory conduct; (2) the severity of the discriminatory conduct; (3) "whether it is physically threatening or humiliating, or a mere offensive utterance;" and (4) "whether it unreasonably interferes with an employee's work performance." *Id.* (internal quotations and citations omitted). Plaintiff "must show a concerted pattern of harassment of a repeated, routine or a generalized nature" and cannot simply rely on occasional, isolated, sporadic or trivial acts. *Fisher v. San Pedro Peninsula Hosp.*, 214 Cal. App. 3d at 610. Plaintiff has not pleaded any such conduct in support of her national origin/race harassment claim.

iii. Plaintiff has no factual allegations even remotely related to race/national origin against individual defendants Ianniello and Hanosh.

iv. Even accepting Plaintiff's allegations unrelated to race/national origin, they are not sufficiently severe and pervasive so as to create a hostile work environment based on Plaintiff's national origin. *Brooks v. City of San Mateo,* 229 F.3d 917, 929 (9th Cir. 2000) (mere ostracism in the workplace is not enough to show an adverse employment decision); *Lyle,* 38 Cal.4th at 295 ("[T]he FEHA is not a 'civility code' and is not designed to rid the workplace of vulgarity. [Citations omitted.].") Because Plaintiff has no allegations against individual defendants Ianniello and Hanosh concerning race/national origin, Plaintiff's eighth cause of action for race/national origin harassment necessarily fails as a matter of law.

**h. Plaintiff Cannot Maintain Her Fifteenth Cause of Action for IIED Against the Individual Defendants Ianniello and Hanosh.**

LITTLER MENDELSON, P.C.
2050 Main Street
Suite 900
Irvine, CA 92614
949.705.3000

i. To state a prima facie case of intentional infliction of emotional distress, Plaintiff must plead that: (1) the defendant engaged in "extreme and outrageous conduct"; (2) the defendant intended to cause, or recklessly disregarded the probability of causing, emotional distress; (3) the plaintiff suffered severe emotional distress; and (4) the defendant's extreme or outrageous conduct actually and proximately caused the plaintiff's emotional distress. *Davidson v. City of Westminster*, 32 Cal. 3d 197, 209 (1982); *Cole v. Fair Oaks Fire Protection Dist.*, 43 Cal. 3d 148, 155 (1987).

ii. Plaintiff relies solely on the alleged discriminatory and retaliatory actions of the defendants as the basis of her IIED claim. Plaintiff alleges, in conclusory fashion, that "Defendants' discriminatory and retaliatory actions against Plaintiff constitute severe and outrageous misconduct and caused Plaintiff extreme emotional distress." (Complaint, ¶ 151.)

iii. Plaintiff's Complaint also alleges that the individual defendants were acting in their capacity as employees and/or agents of Defendants. Plaintiff alleges that, "[a]ll Defendants, including but not limited to Defendants...Finger, Ianniello, Hanosh and all DOE Defendants, were acting as the agent(s) of all other defendants and employers, as defined under the regulations, statutes and interpreting case law, including but not limited to California Government Code section 12926(d)." (Complaint, ¶ 13.)

iv. First, Plaintiff's cause of action against the named individual defendants for alleged intentional infliction of emotional distress is subject to dismissal because an individual cannot possibly be held personally liable for making personnel decisions, even if such decisions are allegedly discriminatory or retaliatory. *Reno v. Baird,* 18 Cal. 4th 640 (1998); *Jones v. Lodge at Torrey Pines Partnership,* 42 Cal. 4th 1158 (2008).

v. In *Janken v. GM Hughes Electronics*, 46 Cal. App. 4th 55, 80 (1996), cited with approval by the California Supreme Court in *Reno*, the court explicitly held



LITTLER MENDELSON, P.C.
2050 Main Street
Suite 900
Irvine, CA 92614
949.705.3000

that where no claim for discrimination could lie, a dependent claim for intentional infliction of emotional distress based upon the same allegations was similarly barred. *See also, Khajavi v. Feather River Anesthesia Med. Group,* 84 Cal. App. 4th 32, 53 (2000); *Jacobs v. Universal Development Corp.,* 53 Cal. App. 4th 692, 703-04 (1997) (concluding that only an employer -- and not fellow managerial employees -- can be liable for terminating an employee in violation of public policy); *Phillips v. Gemini Moving Specialists,* 63 Cal. App. 4th 563, 576 (1998) (no common law tort claim could be stated against individual defendant "because the tort has its basis in the employer-employee relationship and [defendant] was not plaintiff's employer.")

vi. The rationale for liability espoused in *Reno* and *Janken* is equally applicable because there are no allegations that the individual defendants were acting outside of the course and scope of their employment. To the contrary, Plaintiff alleges that the individual defendants were acting within the scope of their employment. (Complaint, ¶ 13.) Further, Plaintiff bases the IIED claim solely on alleged discriminatory and retaliatory actions. (*Id.,* ¶ 151.)

vii. Moreover, Plaintiff does not allege that the individual defendants acted for their own benefit and not for the benefit of Defendant employer. Consequently, all of the alleged wrongful acts attributed to the individual defendants in the Complaint were mere personnel management decisions for which no individual liability exists. There are no allegations that any of the actions taken by the individual defendants were done "outside the scope of necessary job performance." *Reno, supra,* 18 Cal. 4th at 645-46.

viii. Second, even Plaintiff's allegation is that the individual defendants' conduct was intentional and ill-willed, their involvement in Plaintiff's employment would be subject to the manager's privilege. *See also McCabe v. General Foods,* 811 F.2d 1336, 1339 (9th Cir. 1987) (under California law, where conduct is alleged to have been in the course of employment, manager's privilege precludes individual liability, even if conduct was also motivated by bias or ill will); *Kacludis v. GTE*

LITTLER MENDELSON, P.C.
2050 Main Street
Suite 900
Irvine, CA 92614
949.705.3000

*Sprint Communications,* 806 F. Supp. 866, 872 (N.D. Cal. 1992) (comments allegedly made "with malice" and "with no reason to believe the statements were true" fall within manager's privilege unless made entirely for the benefit of the individual manager and not in any respect performed in a managerial capacity); *Imperial Ice v. Rossier,* 18 Cal. 2d 33, 36 (1941) (existence of malice or ill will by the manager or agent toward the plaintiff is irrelevant and will not destroy the manager's privilege); *see Wanland v. Los Gatos Lodge, Inc.,* 230 Cal. App. 3d 1507, 1522 (1991) ("manager need not be acting solely in his or her employer's interests in order to claim the privilege; all that is required is proof that the employer's interest was one of the factors motivating his or her conduct or advice"); *Aalgaard v. Merchants Nat. Bank, Inc.,* 224 Cal. App. 3d 674, 684-86 (1990); *Applied Equipment Corp. v. Litton Saudi Arabia Ltd.,* 7 Cal. 4th 503, 512 n.4 (1994), accord.

ix. Here, Plaintiff alleges that the Sears Defendants were Plaintiff's employers, not the individual defendants. (Complaint ¶ 11.) She further alleges that the individual defendants were employees of the Sears Defendants, and that they were acting within the course and scope of their employment. (*Id.*, ¶¶ 7-9, 13.) Because the individual defendants were not Plaintiff's employer, they cannot be personally liable for their actions in the course of their employment, including for intentional infliction of emotional distress. Upon finding that the manager's privilege applies, fraudulent joinder should be found. Indeed, the Court in *McCabe* applied the manager's privilege, found that the plaintiff failed to state a cause of action against the individual supervisors since they acted in their managerial capacity, and held that the individual defendants were fraudulently joined. *McCabe,* 811 F.2d at 1339. Thus, removal based on diversity jurisdiction was proper. *Id.* Because Plaintiff cannot state a cause of action against the individual defendants since they acted within their managerial capacity, like *McCabe*, removal is proper in this matter because the individual defendants were fraudulently joined.

x. Third, Plaintiff cannot maintain her IIED claim against the individual



LITTLER MENDELSON, P.C.
2050 Main Street
Suite 900
Irvine, CA 92614
949.705.3000

defendants for the separate reason that she fails to state a cause of action against them. Plaintiff's Complaint does not contain allegations of extreme and outrageous conduct. To be outrageous, the conduct "must be so extreme as to exceed all bounds of that usually tolerated in a civilized community." *Christensen,* 54 Cal.3d at 903; *Davidson v. City of Westminster,* 32 Cal.3d 197, 209 (1982). Further, "it is not enough the conduct be intentional and outrageous. It must be conduct directed at the plaintiff, or occur in the presence of a plaintiff of whom the defendant is aware." *Christensen,* 54 Cal.3d at 903. Moreover, a plaintiff must plead facts demonstrating that the defendant's conduct was not privileged. *Cantu v. Resolution Trust Corp.,* 4 Cal. App. 4th 857, 887 (1992). As detailed above, Plaintiff's Complaint is devoid of any such pleading. Further, as is evident from the controlling authority cited above, Plaintiff will not be able to establish that she was subjected to extreme and outrageous conduct, nor is such a cause of action viable against the individual defendants.

xi. Finally, Plaintiff cannot state a claim for IIED because it is preempted by California's Workers' Compensation Act ("WCA"). California Labor Code section 3601 provides that the exclusive remedy for an injured employee against any other employee of the employer acting within the scope of his employment is Workers' Compensation, unless the injury is caused by a willful and unprovoked act of aggression or intoxication of the other employee. *Kacludis v. GTE Sprint Communications*, 806 F. Supp. 866, 870 (N.D. Cal. 1992) (California's Workers' Compensation system provides exclusive remedy for all claims). The California Supreme Court rejected a plaintiff's IIED claim against a supervisor, where the supervisor's alleged conduct occurred in the workplace, in the course and scope of his employment as a supervisor. *Miklosy v. Regents of University of California*, 44 Cal. 4th 876, 902 (2008) ("[t]he alleged wrongful conduct, however, occurred at the worksite, in the normal course of the employer-employee relationship, and therefore workers' compensation is plaintiffs' exclusive remedy for any injury that may have resulted.").

LITTLER MENDELSON, P.C.
2050 Main Street
Suite 900
Irvine, CA 92614
949.705.3000

xii. Plaintiff can avoid the preclusive effect of the workers' compensation exclusivity rule *only* if the cause of action alleged depends on a violation of an express statute or fundamental public policy. *Shoemaker v. Myers*, 52 Cal. 3d 1, 25 (1990); *Phillips v. Gemini Moving Specialists*, 63 Cal. App. 4th 563, 576-77 (1998); *Nikcevich v. Interstate Mgmt. Co. LLC,* 2007 U.S. Dist. LEXIS 21426, 5-7 (E.D. Cal. Mar. 7, 2007). In *Nikcevich v. Interstate Mgmt. Co. LLC,* the court dismissed a plaintiff's IIED claim against two individual defendants due to preemption by the WCA where, as here, her FEHA claims failed as a matter of law. 2007 U.S. Dist. LEXIS 21426 at 5-7. The *Nikcevich* court reasoned that since plaintiff's underlying FEHA claim failed against the individual defendants, her IIED claim was not grounded in any fundamental public policy and she therefore could not escape preemption. *Id.*

xiii. Similarly, the only claim alleged in Plaintiff's Complaint against the individual defendants stem from alleged harassment in violation of the FEHA. Government Code sections 12900 *et seq.* However, as discussed above, Plaintiff has failed to plead facts sufficient to state a cause of action for harassment as a matter of law. As a result, Plaintiff does not and cannot allege a statutory claim against the individual defendants as part of this lawsuit. Because her claims against the individual defendants are not grounded in any fundamental public policy, Plaintiff cannot avoid WCA preemption. Therefore, Plaintiff's fifteenth cause of action for IIED cannot possibly be asserted against the individual defendants.

16. Because Plaintiff has no legally viable cause of action alleged or plead against the individual defendants Hanosh and Ianniello, they are sham defendants whose citizenships should be disregarded for purposes of removal.

17. There are no other identified defendants. Defendants designated as DOES 1 through 100 are fictitious defendants, not parties to this action, have not been named or served, and need not consent to removal. For purposes of removal, the citizenship of defendants sued under fictitious names shall be disregarded. *See* 28 U.S.C. § 1441(a); *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir.





LITTLER MENDELSON, P.C.
2050 Main Street
Suite 900
Irvine, CA 92614
949.705.3000

1987).

**B. Amount in Controversy**

18. District courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 and is between citizens of different states. 28 U.S.C. § 1332(a). "[W]here a plaintiff's state court complaint does not specify a particular amount of damages, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds [the statutory amount]." *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). The defendant must provide evidence showing that it is "more likely than not" that the amount in controversy exceeds that amount. *Id.*

19. To measure the amount in controversy, the Ninth Circuit instructs courts to first consider whether it is "facially apparent" from the complaint that the jurisdictional amount has been satisfied. *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997). In measuring the amount in controversy, "a court must assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) (internal quotations and brackets omitted).

20. If the complaint does not clearly establish the jurisdictional amount, then the court may consider facts in the removal petition. *Singer*, 116 F.3d at 377; *see also Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004); ("[W]e reiterate that the amount-in-controversy inquiry in the removal context is not confined to the face of the complaint.").

21. Here, Plaintiff alleges that "[a]s a consequence of Defendants' conduct, Plaintiff has suffered and will continue to suffer harm, including without limitation, lost past and future income and employment benefits, and damage to career, and wages and penalties, as well as interest on unpaid wages at the legal rate from and after each payday that those wages would have been paid...." (Complaint, ¶ 34.)

LITTLER MENDELSON, P.C.
2050 Main Street
Suite 900
Irvine, CA 92614
949.705.3000

Plaintiff also alleges that "[a]s a proximate result of Defendants' willful, knowing and intentional discrimination against Plaintiff, Plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits." (*Id.*, ¶48.) Plaintiff earned over approximately $43,000 per year in her last position with Defendant SHIP. (Catherine Miller Decl., ¶ 5.) Plaintiff alleges she resigned from her employment on September 5, 2014. (Complaint, ¶ 32.) Conservatively estimating that this matter will proceed to trial a year from now, in February 2016, Plaintiff will be seeking approximately one and a half year years of back wages. Accordingly, by the time this matter is heard for trial, Plaintiff's back wages for the time period of one and a half years alone, will reach more than $64,500 ($43,000 x 1.5 years). Plaintiff's prayer for alleged future earnings, bonuses and other employment benefits will easily place her beyond the $75,000 threshold amount based on alleged economic damages alone.

22. Plaintiff further alleges that as a legal result of Defendant's conduct, she "has suffered and will suffer psychological and emotional distress, humiliation, and mental and physical pain and anguish...." (Complaint, ¶35.) These claims further augment her claim for lost past and future wages. *See Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (plaintiff's claims for pain and suffering and humiliation may properly be factored into the jurisdictional analysis for purposes of removal); *see also Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447, 450 (S.D. Cal. 1995) (noting that emotional distress damages, although vaguely pled, were potentially substantial). Plaintiff's claim for emotional distress damages will likely be the same as, if not exceed the amount for lost wages and injury to reputation. Thus, Plaintiff's claims for compensatory damages alone, economic and non-economic, allegedly exceed the $75,000 threshold amount.

23. Plaintiff also alleges that "Defendants' conduct constitutes oppression, fraud or malice under California Civil Code Section 3294, so as to entitle Plaintiff to an award of exemplary/punitive damages." (Complaint, ¶ 36.) Plaintiff further prays

LITTLER MENDELSON, P.C.
2050 Main Street
Suite 900
Irvine, CA 92614
949.705.3000

for punitive/exemplary damages in her Prayer for Relief (Complaint, Prayer for Relief, ¶ 2.) "It is well established that punitive damages are part of the amount in controversy in a civil action." *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001). Given that Plaintiff's claim for compensatory damages and emotional distress is likely already over $75,000, her claim for punitive damages by itself would likely be in excess of $75,000.

24. Finally, Plaintiff claims attorneys' fees pursuant to statute. (Complaint, Prayer for Relief ¶ 5.) In *Galt G/S v. JSS Scandinavia*, the Ninth Circuit held that "where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy." *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998). Plaintiff's attorneys' fees alone for all discovery and the trial of this case will likely exceed $75,000.00. *See Simmons v. PCR Technology*, 209 F. Supp. 2d 1029, 1035 (N.D. Cal. 2002) (noting that in the court's twenty-plus years' experience, attorneys' fees in individual plaintiff cases often exceed the damages).

25. Although Defendants do not concede Plaintiff's claims have any merit, when the relief sought by Plaintiff is taken as a whole, the amount in controversy for Plaintiff's claims far exceeds the $75,000 jurisdictional requirement. Thus, this Court has original jurisdiction over the claims asserted by Plaintiff in this action based on diversity of citizenship jurisdiction under 28 U.S.C. sections 1332(a) and 1441(a).

## IV. VENUE AND BOND

26. Venue is proper in this Court in that this is the Court of the District embracing the place where the action is pending in state court. 28 U.S.C. § 1441(a).

27. No bond is required for removal. 28 U.S.C. § 1446(d).

## V. NOTICE TO STATE COURT AND PLAINTIFF

28. Promptly after filing this Notice of Removal with this Court, Defendant will give notice to Plaintiff's counsel and file a copy with the Clerk of the Los Angeles County Superior Court, as required by 28 U.S.C. section 1446(d).

LITTLER MENDELSON, P.C.
2050 Main Street
Suite 900
Irvine, CA 92614
949.705.3000

## VI. CONCLUSION

Defendants therefore remove the civil action filed against them in the California Superior Court, County of Los Angeles, to the United States District Court for the Central District of California.

Dated: February 4, 2015

JON G. MILLER
MUIZZ K. RAFIQUE
LITTLER MENDELSON, P.C.
Attorneys for Defendants
SEARS HOME IMPROVEMENT PRODUCTS, SEARS HOLDINGS CORPORATION, SEARS, ROEBUCK AND CO.

Firmwide:131515541.1 016144.1370